**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Lighting Products Limited, | Civil Action 13-cv-09185 |
| Plaintiff, | |
| | Judge Robert W. Gettleman |
| v. | |
| | Magistrate Judge Jeffrey T. Gilbert |
| Robertson Transformer Co. d/b/a/ Robertson Worldwide | |
| | JURY TRIAL DEMANDED |
| Defendant. | |
| | |
| Robertson Transformer Co. d/b/a/ Robertson Worldwide | |
| Counterclaim-Plaintiff, | |
| v. | |
| Lighting Products Limited, Super X Manufacturing, Ltd., Ampco Lighting Limited, Hok Chung Siu (aka "Billy Siu"), | |
| Counterclaim-Defendants. | |

**BRIEF IN SUPPORT OF COUNTERCLAIM-DEFENDANTS AMPCO LIGHTING
LIMITED AND HOK CHUNG SIU'S MOTION TO DISMISS ROBERTSON'S
COUNTERCLAIMS FOR LACK OF PERSONAL JURISDICTION**

I.     **Introduction**

Counterclaim-Defendants Ampco Lighting Limited ("Ampco") and Hok Chung Siu (aka "Billy Siu") ("Mr. Siu") hereby move to dismiss the counterclaims against them for lack of personal jurisdiction.

II.    **Factual Background**

On December 24, 2013, Lighting Products Limited ("LPL") filed this diversity action against Robertson Transformer Co. d/b/a Robertson Worldwide ("Robertson") alleging breach of contract based on Robertson's failure to pay invoices for products ordered by and shipped to Robertson. (Dkt. 1.) Two months later, Robertson filed an Answer and Counterclaim against LPL, also seeking to add two other companies, Super X Manufacturing, Ltd. ("Super X") and Ampco, and one of the officers of these two companies, Mr. Siu, as Counterclaim-Defendants. (Dkt. 13.) Robertson's counterclaims contain a hodgepodge of state and federal claims against the Counterclaim-Defendants, including two breach of contract claims (First and Third Counterclaims), trade secret misappropriation (Second Counterclaim), violation of the Lanham Act (Fourth Counterclaim), defamation per se (Fifth Counterclaim) and unfair competition (Sixth Counterclaim). *Id.*

None of these counterclaims, however, have any relationship to LPL's breach of contract claim against Robertson. To the contrary, most of the counterclaims are allegedly based on provisions of the Manufacturing and Development Agreement ("MDA") executed between Robertson and Super X in 2001. (*See* Dkt. 13, First, Second, and Fourth-Sixth Counterclaims.) Neither Ampco nor Mr. Siu is a party to that MDA. Further, none of LPL's claims arise out of the MDA. To the contrary, most of these counterclaims arise out of the same transactions and occurrences as the patent action that Roberson filed against Super X's customers, which is before

Judge Bucklo, *Robertson Transformer Co. d/b/a Robertson Worldwide v. General Electric Company et al.*, Civil Action No. 1:12-cv-08094 ("Robertson's patent action").

Moreover, Robertson has not identified any basis for personal jurisdiction over either Ampco or Mr. Siu. Ampco is a Hong Kong company with its principal place of business in Hong Kong. (Ex. 1, ¶¶ 2-3.) ▮▮▮ Ampco owns no real or personal property in Illinois, has no officers or directors in Illinois, has no registered agent in Illinois, is not registered as a foreign corporation to do business in Illinois, and does not pay taxes in Illinois. (Ex. 1, ¶¶ 5-7.)

Additionally, Ampco does not lease an office, warehouse or other facility in Illinois, does not manufacture or otherwise create a product in Illinois, and does not have a mailing address or telephone listings in Illinois. (Ex. 1, ¶ 8.) Although Ampco maintains an Internet website that presumably is accessible to persons throughout the world that have access to the World Wide Web, Ampco does not specifically direct any of its advertising towards Illinois residents, nor does it advertise in any publications that are primarily directed towards Illinois residents. (Ex. 1, ¶ 9.)

Similarly, Mr. Siu, an individual, resides in Hong Kong. (Ex. 1, ¶ 1.) He does not own real or personal property in Illinois. (Ex. 1, ¶ 14.) Mr. Siu is president of both Ampco and Super X. (Ex. 1, ¶ 19.) He is not, however, employed by LPL. (Ex. 1, ¶ 23.)

Mr. Siu does not have any ownership of any of the other Counter-Defendants. (Ex. 1, ¶¶ 4, 20-22, 24-25.) ▮▮▮

Mr. Siu travels to the United States, including Illinois, approximately once a year. (Ex. 1, ¶ 16.)

Neither Ampco nor Mr. Siu is a party to LPL's breach of contract claim or Robertson's patent action. (Ex. 1, ¶¶ 12-13, 17-18.)

### III. Mr. Siu and Ampco Should be Dismissed for Lack of Personal Jurisdiction

Neither Mr. Siu nor Ampco have sufficient contacts with this jurisdiction, either general or specific, to support personal jurisdiction in this action. As noted above, neither Ampco nor Mr. Siu have any presence in Illinois or the United States that would subject them to this Court's jurisdiction.

With respect to Ampco, Robertson's two claims against Ampco are both state claims (Illinois Trade Secrets Act and common law unfair competition). If there is no federal claim, an Illinois court determines whether personal jurisdiction exists under Illinois' long-arm statute, "which authorizes jurisdiction to the full extent permitted by the United States Constitution." *Tamburo v. Dworkin*, 601 F.3d 693, 697 (7th Cir. 2010) (citing 735 Ill. Comp. Stat. 5/2-209(c)). Thus, Illinois' long-arm statute determines whether this Court has personal jurisdiction over Ampco.

With respect to Mr. Siu, one of Robertson's six claims is based on a federal statute – the Lanham Act. (Dkt. 13, p. 57.) The Lanham Act, however, "does not authorize nationwide service." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). Unless the federal statute authorizes nationwide service, an Illinois court applies Illinois' long-arm statute. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Thus, Illinois' long-arm statute also determines whether this Court has personal jurisdiction over Mr. Siu.

The exercise of personal jurisdiction must be based on the court having either general jurisdiction or specific jurisdiction over a defendant. *Id*. A court may assert general personal

3

jurisdiction over a non-resident defendant when the defendant's contacts are continuous and systematic in that forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-416 (1984). "This is a demanding standard that requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." *uBID, Inc.*, 623 F.3d at 426.

Specific jurisdiction requires that: (1) the defendant purposefully directed its activities at the forum; (2) the alleged injuries arose out of those activities; and (3) asserting personal jurisdiction over the defendant comports with fair play and substantial justice. *Tamburo*, 601 F.3d at 702; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). If the defendant purposely directed its injury-causing activities at the forum, then the court should balance these contacts with: (1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; and (3) the plaintiff's interest in obtaining convenient and effective relief; as well as interstate interests. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-477 (1985).

When determining whether the defendant purposefully directed its activities at the forum, the court's inquiry is claim specific. For a breach of contract claim, the inquiry is "whether the defendant 'purposely availed' himself of the privilege of conducting business or engaging in a transaction in the forum state." *Tamburo*, 601 F.3d at 702. For an intentional tort, the inquiry is "whether the conduct underlying the claims was purposely directed at the forum state." *Id*.

### A. Neither Ampco nor Mr. Siu is Subject to General Personal Jurisdiction in Illinois

Neither Ampco nor Mr. Siu has such "systematic contacts" as to give rise to general personal jurisdiction. As previously described, Ampco does not own any real or personal property in Illinois, have any officers or directors in Illinois, have a registered agent in Illinois, or pay taxes in Illinois. (Ex. 1, ¶¶ 5-7.) Ampco is not incorporated in Illinois, it is not registered as a

4

foreign corporation to do business in Illinois, nor does it have a designated agent for service of process in Illinois. (Ex. 1, ¶¶ 2, 6.) Ampco does not lease an office, warehouse or other facility in Illinois, does not manufacture or otherwise create a product in Illinois, and does not have a mailing address or telephone listings in Illinois. (Ex. 1, ¶ 8.)

While Ampco maintains an Internet website that presumably is accessible to persons throughout the world that have access to the World Wide Web, this alone is not enough contact with Illinois for a finding of general jurisdiction. *Tamburo*, 601 F.3d at 701 (noting that maintaining a public website is not enough to establish personal jurisdiction). Ampco does not direct any of its advertising specifically towards Illinois residents; nor does it advertise in any publications that are primarily directed towards Illinois residents. (Ex. 1, ¶ 9.)

The only presently-known visits to Illinois by employees of Ampco are occasional sporadic trips by Mr. Siu, Ampco's president. (Ex. 1, ¶¶ 11, 16.) However, mere travel to a forum by an officer does not create general jurisdiction. *See Helicopteros*, 466 U.S. at 411 (no general personal jurisdiction where foreign corporation purchased more than $4 million of aircraft and equipment from a forum corporation, sent pilots to the forum for training, and sent management personnel to the forum for technical consultation).

Moreover, Mr. Siu resides in Hong Kong. (Ex. 1, ¶ 1.) He does not own real or personal property in Illinois. (Ex. 1, ¶ 14.) Mr. Siu also does not have an Illinois driver's license, address, or telephone number. (Ex. 1, ¶ 15.) At most, he travels to the United States approximately once a year in the scope of his employment. (Ex. 1, ¶ 16.) But, again, mere travel to a forum does not create general jurisdiction. *See Helicopteros*, 466 U.S. at 411.

With respect to Ampco, Robertson alleges that "Ampco has transacted business in the Northern District of Illinois" and "negotiated and entered contracts in the Northern District of

5

Illinois." (Dkt. 13, p. 38.) Similarly as to Mr. Siu, "Billy Siu has transacted business in the Northern District of Illinois" and "negotiated contracts with Robertson, a resident of the Northern District of Illinois." (Dkt. 13, pp. 38-39.) None of these allegations, however, demonstrates that Ampco's contacts with Illinois are so extensive to treat Ampco or Mr. Siu as being present within Illinois for all purposes.

### B. None of the Counterclaims Arise out of Ampco or Mr. Siu's Contacts with Illinois

Robertson accuses Ampco of violating the Illinois Trade Secret Act and misappropriating Robertson's proprietary and confidential information under common law unfair competition. (Dkt 13, pp. 54, 59.) Robertson asserts six claims against Mr. Siu as an individual, including that Mr. Siu: (1) breached the MDA; (2) violated the Illinois Trade Secret Act; (3) breached a "course of conduct" contract; (4) violated Section 43(a) of the Lanham Act; (5) made false statements about Robertson; and (6) misappropriated Robertson's proprietary and confidential information under common law unfair competition. (Dkt 13, pp. 52-60.) Robertson fails to establish any nexus between its claims and Ampco or Mr. Siu's contacts with Illinois; as such, this Court should decline to assert specific jurisdiction over these Counterclaim-Defendants.

Robertson's sole basis for finding personal jurisdiction over Ampco and Mr. Siu is by disregarding corporate form. Specifically, Robertson argues that Mr. Siu is the alter ego of Super X, the party to the MDA, and that Ampco is, in turn, the alter ego of Mr. Siu. (Dkt 13, p. 37.) Robertson does not allege that either Ampco or Mr. Siu themselves had any independent contractual obligation with or other confidentiality obligation to Robertson. (Dkt 13, pp. 36-60.) Indeed, Robertson acknowledges that Mr. Siu was operating as a corporate representative of Super X. For example, in its counterclaims, Robertson identifies a single contract, the MDA, but then admits that Mr. Siu signed the MDA on behalf of Super X. (Dkt. 13, p. 39.)

6

Robertson cannot establish any basis for piercing the corporate veil as "Illinois, whose law governs this case, respects the corporate form. … Corporate obligations do not attach to a firm's investors or employees." *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265 (7th Cir. 1992) (affirming dismissal of non-signatories to a contract in which company agreed to refrain from using trade secrets). In fact, "nonparties to a contract are not liable for its breach." *Swiss Reinsurance Am. Corp. v. Access Gen. Agency, Inc.*, 571 F. Supp. 2d 882, 885 (N.D. Ill. 2008); *see also Louisiana Firefighters' Retirement Sys. v. Northern Trust Invs., N.A.*, No. 09 C 7203, 2012 WL 601861, at *4 (N.D. Ill. Feb. 23, 2012) (Gettleman, J.) ("It is axiomatic that non-parties to a contract are not liable for its breach."). Being the contact point for communications or execution of contracts does not justify an assertion of personal jurisdiction over an individual.

Further, Robertson's support for its assertion that Ampco is the alter ego of Mr. Siu and subject to iterative personal jurisdiction based on the activities of Super X is based on its incorrect assertion that Ampco Lighting Limited, the named Counterclaim-Defendant, was reorganized and combined with Super X to form LPL. (Dkt 13, p. 36.) This is simply untrue. (Ex. 1, ¶ 32.) Ampco's mere distribution of lighting fixtures to the U.S. and Illinois containing ballasts it received from LPL, Super X, and (allegedly) Mr. Siu – absent any independent contractual or confidentiality obligation – does not subject it to personal jurisdiction in Illinois. Robertson also failed to identify a single action that Ampco allegedly directed at Illinois, much less any injury that arose out of an action Ampco directed at Illinois.

To survive a motion to dismiss based on lack of personal jurisdiction, Robertson must make a *prima facie* case of personal jurisdiction. *Hyatt Int'l v. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Robertson fails to do so, as its claims do not plead sufficient factual material

regarding its "alter ego" theory that rises above a speculative level. *Swiss Reinsurance Am.*, 571 F. Supp. 2d at 885 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For example, it is not enough to allege that "three entities shared a corporate officer." *Id*. (dismissal under Rule 12(b)(6)); *see also Dolemba v. Citizens Info. Assocs., LLC*, No. 13-C-6939, 2014 WL 164692, at *4 (N.D. Ill. Apr. 24, 2014) (dismissal under Rule 12(b)(2) where no evidence of domination). As in *Swiss Reinsurance Am.*, Robertson's counterclaims lack sufficient factual material to pierce the corporate veil.

As such, exercising personal jurisdiction over Ampco or Mr. Siu would not comport with fair play and substantial justice. *Tamburo*, 601 F.3d at 702. Here, the burden on Ampco and Mr. Siu is particularly great as they are Hong Kong residents and are not a party to either LPL's breach of contract claim or Robertson's patent action. Robertson's claims against these Counterclaim-Defendants should be dismissed on these grounds as well.

      **C.**    **No Jurisdictional Discovery is Necessary**

Nor can Robertson claim any need for jurisdictional discovery at this stage. Robertson took extensive jurisdictional discovery from Mr. Siu, his son Larry Siu, and Super X at depositions conducted in Hong Kong January 14-16[th] of this year, including ownership of Super X, LPL, and Ampco; and Mr. Siu's positions or lack thereof within the various companies. Although such discovery was irrelevant to the issues in Robertson's patent action, such discovery no doubt served as the basis for seeking to name these parties as Counterclaim-Defendants in Robertson's counterclaims, filed just over a month later. Counterclaim-Defendants have no objection to Robertson using such discovery in its opposition to this motion, as long as its confidentiality is maintained.

**IV.        Conclusion**

For the reasons set forth above, Robertson's counterclaims against Counterclaim-Defendants Ampco and Mr. Siu should be dismissed for lack of personal jurisdiction.

Respectfully submitted,

Date:  May 9, 2014

/s/ Lisa Schoedel
Grantland Drutchas (ID No. 6191150)
Leif Sigmond (ID No. 6204980)
Nicole Keenan (ID No. 6272217)
Lisa Schoedel (ID No. 6279700)
James Lovsin (ID No. 6303858)
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Drive, Suite 3100
Chicago, Illinois  60606-6709
(312) 913-0001  Telephone
(312) 913-0002  Facsimile
drutchas@mbhb.com
sigmond@mbhb.com
keenan@mbhb.com
schoedel@mbhb.com
lovsin@mbhb.com

*Attorneys for Counterclaim-Defendants,*
*Ampco Lighting Limited and Hok Chung Siu*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2014, a copy of the foregoing BRIEF IN SUPPORT OF COUNTERCLAIM-DEFENDANTS AMPCO LIGHTING LIMITED AND HOK CHUNG SIU'S MOTION TO DISMISS ROBERTSON'S COUNTERCLAIMS FOR LACK OF PERSONAL JURISDICTION was served via electronic mail, on the following counsel of record:

>Paul J. Skiermont
>  *paul.skiermont@skiermontpuckett.com*
>Rajkumar Vinnakota
>  *kumar.vinnakota@skiermontpuckett.com*
>Wilhemina Tyler
>  *wilhemina.tyler@skiermontpuckett.com*
>SKIERMONT PUCKETT LLP
>2200 Ross Avenue, Suite 4800W
>Dallas, Texas 75201

>/s/ Lisa Schoedel
>Lisa Schoedel (schoedel@mbhb.com)
>N.D. Ill. Bar No. 6279700
>MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
>300 South Wacker Drive
>Chicago, Illinois 60606
>(312) 913 0001  Telephone
>(312) 913-0002  Facsimile